# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
## MIAMI-DADE DIVISION

### CASE NO.: 1:23cv24730

VOLTSWITCH TECHNOLGIES,
INC., a Florida Corporation,

    Plaintiff,

v.

HOMETOWNE CAPITAL
MANAGEMENT, LLC a
Tennessee Limited Liability Company
    Defendant.
_____/

## COMPLAINT FOR BREACH OF CONTRACT
## JURY TRIAL DEMANDED

Plaintiff, VOLTSWITCH TECHNOLOGIES, INC. (hereinafter referred to as "VOLTSWITCH") by and through its undersigned attorney, files its complaint against Defendant HOMETOWNE CAPITAL MANAGEMENT, LLC**, demands a trial by jury,** and states as follows:

### PARTIES

1. Plaintiff, VOLTSWITCH, is a Foreign Profit Corporation whose principal place of business and headquarters is in Miami-Dade County and is otherwise sui juris.

2. Defendant, HOMETOWNE CAPITAL MANAGEMENT, LLC., (hereinafter "HOMETOWNE") is a Tennessee Limited Liability Company doing business in the State of Florida.

## JURISDICTION AND VENUE

3. This is a civil action involving the refusal of HOMETOWNE to pay VOLTSWITCH for the purchase of more than $116,000.00 worth of electronic tracking devices. VOLTSWITCH invoiced HOMETOWNE, and shipped the products, from the State of Florida.

4. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has jurisdiction over HOMETOWNE and the claims plead pursuant to Florida Statute § 48.193.

5. Paragraph 9 of the parties contract, **Exhibit A**, provides for jurisdiction in the courts of the State of Florida.

6. The Defendant is a Limited Liability Company whose members all reside in Tennessee.

7. As outlined below, HOMETOWNE has sufficient contacts with the State of Florida in order to confer jurisdiction under the Florida Long-Arm Statute.  The exercise of jurisdiction is consistent with the requirements of the Due Process Clause of the Fourteenth Amendment.

8. HOMETOWNE directed orders for trackers to VOLTSWITCH in the State of Florida and Plaintiff has made multiple deliveries of its manufactured tracking devices to HOMETWONE's dealers, in the State of Florida.  HOMETOWNE has agents and representatives in the State of Florida.  HOMETOWNE lends money to its customers in the State of Florida and HOMETOWNE uses VOLTSWITCH devices to track encumbered assets in the State of Florida. Venue is proper as VOLTSWITCH's headquarters and principal place of business is Miami-Dade County, Florida.

**STATEMENT OF FACTS**

9. VOLTSWITCH sells GPS asset tracking devices and offers technical and logistical support to its customers through VOLTSWITCH's proprietary platform and software interfaces. VOLTSWITCH's technology and superior logistics allows its customers to locate their property, in real time, by simply accessing their cellphone, laptop or any other appropriate electronic device.

10. HOMETOWNE provides financing to facilitate the purchase of trailers, RVs and other recreational vehicles. In so doing, HOMETOWNE has a lien on the property or asset that it has financed and on which it has placed one of VOLTSWITCH's tracking devices.

11. HOMETOWNE has a need to know the secured asset's location should the customer fail to make payments on the loan. HOMETOWNE relies on GPS tracking devices to aid HOMETOWNE in its repossession efforts.

12. HOMETOWNE's business is nationwide and HOMETOWNE has agents at dealerships in many states, including Florida.

13. HOMETOWNE has purchased tracking devices from VOLTSWITCH for the past two years--since merging with VOLTSWITCH's prior customer PIONEER in early 2022. A copy of the current agreement with HOMETOWNE is annexed hereto at **Exhibit A**.

14. HOMETOWNE approached VOLTSWITCH with its criteria for products and service and its expectations for performance. At great cost, VOLTSWITCH customized its tracking devices and platform to accommodate HOMETOWNE's specific needs and logistical demands of tracking financed assets.

15. VOLTSWITCH tailored its performance to HOMETOWNE's needs by providing an online interface which allowed HOMETOWNE to log on and purchase trackers for its many

dealerships as needed and shipping the GPS tracking devices from VOLTSWITCH's Florida facilities to HOMETOWNE's nationwide dealerships/agents as HOMETOWNE directed VOLTSWITCH to do.

16. HOMETOWNE's dealerships/agents are then required to activate the GPS tracking devices and properly install the devices. HOMETOWNE's agents and dealerships occasionally failed to properly activate and properly install the devices. This required additional assistance from VOLTSWITCH which VOLTSWITCH always promptly provided.

17. In 2022, VOLTSWITCH requested that HOMETOWNE sign a Non-Disclosure Agreement as VOLTSWITCH views its online platform and software as proprietary intellectual property. VOLTSWITCH notified HOMETOWNE of its concerns and HOMETOWNE declined to execute the VOLTSWITCH NDA.

18. VOLTSWITCH and HOMETOWNE continued to do business, without incident and without substantial complaints until November of 2023. Then, for the first time, after HOMETOWNE ordered over 27,000 VOLTSWITCH GPS tracking devices, HOMETOWNE did not make payment on invoices from the months of October and November 2023. The unpaid invoices were generated through HOMETOWNE actively making purchases from the VOLTSWITCH platform in the months of October and November. Plainly HOMETOWNE had no problem with the product through the month before this suit was filed.

19. VOLTSWITCH had also offered HOMETOWNE a discounted price with the understanding that HOMETOWNE would purchase a greater quantity. HOMETOWNE did not purchase the agreed upon quantity and has been unjustly enriched by receiving the devices at the lower price.

20. The following invoices are attached as composite **Exhibit B** and were issued to HOMETOWNE for GPS tracking devices it purchased and that VOLTSWITCH fulfilled:

| Invoice | Invoice Date | Amount Due |
| --- | --- | --- |
| 12451 | 10/02/2023 | $16,496.00 |
| 12501 | 10/09/2023 | $13,850.00 |
| 12569 | 10/16/2023 | $28,665.00 |
| 12629 | 10/23/2023 | $20,450.00 |
| 12691 | 10/30/2023 | $11,610.00 |
| 12763 | 11/06/2023 | $9,930.00 |
| 12835 | 11/13/2023 | $8,825.00 |
| 12914 | 11/20/2023 | $4,251.00 |
| 12956 | 11/27/2023 | $2,800.00 |
|  | Total | $116,697.00 |

21. The above invoice numbers represent $116,697.00 in unpaid goods and a HOMETOWNE is in breach of its agreement with VOLTSWITCH.

22. VOLTSWITCH has made efforts to request payment from HOMETOWNE beginning on 11/20/23. VOLTSWITCH's emails were initially ignored and HOMETOWNE made a partial, nominal payment of approximately $3,890.00 on or around November 20, 2023, to pay for invoices that are not at issue here.

23. On December 1, 2023, VOLTSWITCH reminded HOMETOWNE of its obligation to pay the balance and HOMETOWNE responded with a misleading and aggressive email on December 7, 2023, refusing to pay VOLTSWITCH and claiming, for the first time, that VOLTSWITCH devices were defective and not suitable for their intended purpose. This assertion is glaringly contradicted by HOMETOWNE's purchase of additional VOLTSWITCH devices on November 21, 2023. Moreover it is an anticipatory breach.

24. In attempt to manufacture a controversy where none previously existed, HOMETOWNE demanded more than $500,000.00 from VOLTSWITCH for defective devices in

an aggressive manner which apparently was meant to intimidate VOLTSWITCH into not pursuing what is owed to it.

25. HOMETOWNE is now attempting to terminate its business relationship with VOLTSWITCH and purchase from another tracking company at lower cost. HOMETOWNE is attempting to steal and misappropriate VOLTSWITCH's proprietary platform and software after strategically neglecting to execute VOLTSWITCH's NDA.

26. VOLTSWITCH has suffered substantial damages. VOLTSWITCH must file the instant action to receive payment and enforce its rights.

27. VOLTSWITCH is entitled to an award of its reasonable attorney's fees and costs pursuant to paragraph 9 of the agreement, **Exhibit A**.

## COUNT I
## BREACH OF CONTRACT

28. Plaintiff repeats, realleges and incorporates the averments set forth in paragraphs 1 through 27, inclusive, of this complaint as if fully set forth herein.

29. A contract and/or written agreement exists between VOLTSWITCH and HOMETOWNE for the purchase and sale of VOLTSWITCH GPS tracking devices.

30. HOMETOWNE is in breach of the agreement for failing and refusing to pay VOLTSWITCH for the tracking devices.

31. VOLTSWITCH suffered actual damages as a result of the breach.

**WHEREFORE,** VOLTSWITCH demands judgment against HOMETOWNE for Breach of Contract and such other relief this Court deems just and proper including but not limited to actual damages, prejudgment interest, and the attorneys' fees and costs incurred in this action pursuant to statute, and for such other and further relief as the Court may deem just and proper.

Dated: December 14, 2023  Respectfully Submitted

**GRAY ROBINSON PA**
Attorneys for the Plaintiff

*/s/ Bryan J. Yarnell*
Bryan J. Yarnell, Esq.
Florida Bar No. 88900
1795 West Nasa Boulevard
Melbourne, Florida 32901
321.674.3050 direct
321.984.4122 fax
561.437.8930 cell
Bryan.Yarnell@gray-robinson.com
Christine.Feronti@gray-robinson.com

**JOHN P. HESS PA**
Attorney for the Plaintiff

*s/John P. Hess*
John P. Hess, Esq.
F.B.N. 31075
515 North Flagler, P 300
West Palm Beach, FL 33401
Ph: (305) 310-0904
Email: jhess@johnphess.com